UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TROY KENNETH SCHEFFLER,                         Case No. 25-CV-4382 (NEB/LIB)

        Plaintiff,

v.                                                              ORDER

BEN DAVIS, in his official capacity as
State Representative, et al.,

        Defendants.

---

Troy Kenneth Scheffler, pro se.

Janine Wetzel Kimble, MINNESOTA ATTORNEY GENERAL'S OFFICE, for all defendants.

Andrew Wilson, WILSON & CLAS, for defendant Josh Heintzeman.

In this action, plaintiff Troy Kenneth Scheffler brings various constitutional and civil-rights claims against "approximately one hundred defendants." ECF No. 160 at 8; *see also* ECF No. 1. Scheffler previously moved to disqualify the presiding judge, Judge Nancy E. Brasel, under 28 U.S.C. §§ 144 and 455. *See generally* ECF No. 147; Scheffler Aff., ECF No. 148. Judge Brasel denied Scheffler's motion, concluding that his affidavit was legally insufficient under § 144 and that he failed to establish grounds for disqualification under § 455. ECF No. 157. This matter is now before the Court on Scheffler's request that the undersigned, as Chief Judge of the District, assign his case to

another judge pursuant to 28 U.S.C. § 137.  ECF No. 160.  For the reasons explained below, Scheffler's request is denied.

Scheffler misunderstands both § 137 and § 144.  He urges the undersigned to exercise his "supervisory authority under 28 U.S.C. § 137" and "administratively reassign" his case to another judge.  ECF No. 160 at 1, 11–14.  But § 137 does not provide a mechanism by which a litigant may file "a direct motion to the chief judge for reassignment of a case."  *Jarvis v. Mohave Cnty.*, No. CV-25-8077-PCT-MTL (ESW), 2025 WL 1754752, at *3 (D. Ariz. June 25, 2025); *see also Chytka v. Wright Tree Serv., Inc.*, No. 11-CV-0968-REB-KLM, 2014 WL 4197564, at *1 (D. Colo. Aug. 25, 2014) (holding that a litigant "is not entitled to demand reassignment" of her case and that "the Chief Judge does not have the legal authority to review the rulings of other district judges or magistrate judges in the district").

But even if Scheffler could proceed under § 137, his arguments under § 144 are without merit.  Contrary to Scheffler's belief, "[t]he simple filing of an affidavit does not automatically disqualify a judge."  *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976); *see also* ECF No. 160 at 1–2.  Rather, Judge Brasel had "an affirmative duty to probe the legal sufficiency of [Scheffler's] affidavit of prejudice and not to disqualify [herself] unnecessarily."  *Davis v. Comm'r of Internal Revenue*, 734 F.2d 1302, 1303 (8th Cir. 1984); *see also United States v. Faul*, 748 F.2d 1204, 1210 (8th Cir. 1984) ("Relief under

section 144 is expressly conditioned on the timely filing of a legally sufficient affidavit."). It is only after a "litigant has *sufficiently* alleged bias or prejudice" that recusal becomes mandatory under § 144. *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017) (emphasis added).

To be legally sufficient, an affidavit must generally allege personal bias or prejudice that "'stem[s] from an extrajudicial source'"—that is, "a source outside the judicial proceeding at hand." *Liteky v. United States*, 510 U.S. 540, 544–45 (1994) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Although "bias derive[d] from an extrajudicial source" is not an absolute requirement, disqualification is "seldom appropriate" when the alleged bias arises from judicial proceedings themselves. *United States v. Aldridge*, 561 F.3d 759, 764 (8th Cir. 2009) (quotation omitted).

Here, Scheffler does not allege any extrajudicial source of bias or prejudice. *See generally* Scheffler Aff. As far as the record reflects, Judge Brasel has learned about Scheffler solely from presiding over his cases. In that situation, an affidavit is not legally sufficient unless it establishes "that the judge had a disposition 'so extreme as to display clear inability to render fair judgment.'" *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) (quoting *Liteky*, 510 U.S. at 551).

None of the facts Scheffler alleges, either individually or in combination, establish a legally sufficient basis for recusal:

*First*, Scheffler suggests that Judge Brasel's rulings in a prior case that he filed demonstrate a "pattern of non-engagement with [his] central arguments."  ECF No. 160 at 3; *see also* Scheffler Aff. ¶¶ 3, 5–7, 10.  But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky*, 510 U.S. at 555; *see also Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 665 (8th Cir. 2003) ("An adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality."); *McLaughlin v. Union Oil Co. of Cal.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's view of the law[.]").  Disagreements with a judge's rulings are properly directed to the court of appeals, not recast as grounds for recusal.  *See Liteky*, 510 U.S. at 555 ("Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal.").

*Second*, Scheffler claims that Judge Brasel "demonstrated personal hostility toward [him]" by referring to "his many lawsuits" while presiding over one of his many lawsuits.  Scheffler Aff. ¶ 4; *see also id.* ¶ 9.  Scheffler himself acknowledges the truth of this statement, ECF No. 160 at 6 ("That the characterization may be factually accurate does not make it relevant[.]")—and, as the judges of this District are well aware, Scheffler *has* filed many lawsuits.  An *accurate* statement grounded in "facts introduced or events occurring in the course of the current proceedings, or of prior

proceedings" does not evince the type of "deep-seated favoritism or antagonism" that would mandate recusal. *Liteky*, 510 U.S. at 555–56 (noting that critical, disapproving, or even hostile judicial remarks "ordinarily do not support a bias or partiality challenge" unless "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible"); *see also Dennis v. K&L Gates LLP*, No. 1:20-CV-9393 (MKV), 2025 WL 2941611, at *3 (S.D.N.Y. Sept. 26, 2025) (characterizing a plaintiff's "repetitive emails, phone calls, and filings," as "harassing" was "not a basis for recusal").

*Third*, Scheffler alleges that his pending appeal of rulings made by Judge Brasel in a related case create a "structural conflict of interest" because a favorable ruling by Judge Brasel in the present case would undermine her prior rulings. ECF No. 160 at 3–4; *see also* Scheffler Aff. ¶¶ 9–10. Again, a "judge's rulings in a related case are not a sufficient basis for recusal, except where pervasive bias is shown." *In re Bush*, 232 F. App'x 852, 854 (11th Cir. 2007); *see also Wilson v. Huffman*, No. 3:10-CV-0054, 2010 WL 697364, at *1 (S.D. Ohio Mar. 1, 2010) ("[I]nvolvement in a litigant's prior case does not create a conflict of interest preventing a judge from hearing a subsequent case involving the same litigant, whether or not the first case has been appealed."); *Tallant v. Tallant*, No. 5:20-CV-0129-KDB-DCK, 2020 WL 6813227, at *2–3 (W.D.N.C. Oct. 14, 2020) ("Merely acting as the judge in a related action and entering a ruling that the Defendant has appealed is, standing alone, plainly not grounds for recusal[.]"). The mere existence

of a related appeal, therefore, does not demonstrate a disqualifying conflict, particularly when (as Scheffler notes) the present claims are "brought under a different statute" than those on appeal.  Scheffler Aff. ¶ 10.

*Finally*, Scheffler argues that Judge Brasel exhibited bias by "rigidly" enforcing "local formatting rules" against him "as a pro se litigant."  Scheffler Aff. ¶ 8. Specifically, Scheffler points to the dismissal of his complaint under Rule 8, the imposition of a "10,000-word cap on any amended complaint," and the requirement that he submit a redlined comparison between his original complaint and any proposed amended complaint.  ECF No. 160 at 7–8; Scheffler Aff. ¶ 8.  These routine case-management decisions also do not warrant recusal.  *See, e.g.*, *Morton v. Astrue*, 380 F. App'x 892, 895 (11th Cir. 2010) ("Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal."); *In re Livingston*, No. 25-1858, 2025 WL 1467435, at *2 (3d Cir. May 22, 2025) ("[R]outine case management decisions . . . [are] not an appropriate basis for [recusal].").  Courts have likewise rejected recusal motions premised on filing restrictions or similar limitations.  *See, e.g.*, *Townsend v. Aptar, Inc.*, No. 1:22-mi-56-MLB, 2023 WL 12129958, at *3 (N.D. Ga. Apr. 17, 2023) (concluding that a recusal motion based on filing restrictions was "wholly without merit"); *Lynn v. Willnauer*, No. 23-3111, 2024 WL 5040627, at *5 (10th Cir. Dec. 9, 2024)

(rejecting plaintiff's claim that filing restrictions were imposed as retaliation for recusal motion).

Because Scheffler has not credibly alleged bias—much less extrajudicial bias—Judge Brasel had an "affirmative duty" to deny his recusal motion.  *Davis*, 734 F.2d at 1303.  She fulfilled her duty.  Accordingly, Scheffler's request for administrative reassignment is denied.[1]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff's request for administrative reassignment [ECF No. 160] is DENIED.

Dated: March 24, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court

---

[1]Under both § 144 and § 455, "the standard is the same: recusal is required if the judge bears bias or prejudice that might call into question his or her impartiality." *Akins*, 863 F.3d at 1086 (quotation omitted).  The Court finds that recusal under § 455 is not required for the same reasons that it finds that Scheffler's affidavit is insufficient under § 144.  *See Faul*, 748 F.2d at 1210–11.